**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAISY SANTOS,** | : | **Civil No. 1:14-CV-842** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **WILLIAM VALLANTE,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

## I.   INTRODUCTION

The is a diversity action that arises out of a traffic accident that occurred in Gettysburg, Pennsylvania on June 8, 2012.  The plaintiff, Daisy Santos, sued William Vallante, alleging that he was negligent and reckless in operating his vehicle "while under the influence of intoxicating liquor or drugs," thereby causing the accident. Vallante has admitted that he was negligent in causing the accident, but has firmly denied that he was under the influence of alcohol or drugs at the time.

The matter now comes before the Court on Defendant Vallante's motion for a protective order.  In the motion, Defendant Vallante seeks to preclude the plaintiff from obtaining discovery seeking information regarding the following:

- Defendant Vallante's medical conditions, injuries, and diseases;

- identification of the medical professionals who have treated Vallante over the years, and the location of the facilities where

Vallante has obtained medical care;

- all medications that were prescribed to Vallante as of the date of the traffic accident that gave rise to this litigation; and

- whether or not Vallante has ever treated for alcoholism or drug use, or for another mental health disorder.

Defendant Vallante has resisted responding to five interrogatories seeking this information, positing that the police officer who investigated the traffic accident attested during his deposition that Vallante showed no signs of impairment during the investigation, and for that reason he did not administer field sobriety tests at the time. Additionally, Defendant Vallante has tendered an affidavit in which he attests that he had consumed no alcohol, non-prescription medication, or other illicit substances in the 48 hours that preceded the accident. This affidavit also outlines the prescription medications that Vallante took on the morning of the accident, and underscored that he had been taking these medications without incident for nearly three years before the accident, and had never been advised to refrain from driving a car. Because he contends the information sought is sensitive and personal, and because there is allegedly no evidence that would show that Vallante was impaired at the time of the accident, he seeks entry of a protective order to safeguard information that he maintains is private and sensitive.

The plaintiff opposes the motion, arguing that Vallante is improperly arguing

about the potential admissibility of evidence at trial, and not about the potential relevance of the information sought, which is what actually matters at this stage. Moreover, the plaintiff argues that the information sought regarding medical treatment, medication regimens, and treatment for drugs or alcohol use may be relevant to this case and the claims alleged, and the interrogatories do not seek the production of documents or other information that might be subject to other laws governing the privacy of medical information. Lastly, aside from issues relating to relevance, the plaintiff maintains that the information sought is not burdensome, and that Vallante has not demonstrated good cause for the issuance of a protective order.

On October 27, 2014, the Court convened a telephone conference with the parties to address this discovery dispute, and a related dispute over the scheduling of certain depositions that have been delayed due to the pending motion. Upon consideration of the parties' briefs, and the discussion held with the parties regarding this matter, we find that the plaintiff's motion for a protective order should be denied to the extent that it seeks to totally preclude inquiry into these matters, but granted, in part, in that the scope of the interrogatories should be subject to significant temporal limitations.[1]

---

[1] Defendant Vallante's concerns seem principally focused on his view that the information sought is not relevant to this case and that the information sought may be of a private nature that should be safeguarded. We do not agree with the

## II.   <u>DISCUSSION</u>

### A.   Rules 26(b)(1) and 26(c) of the Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure, in general, permit parties to engage in a broad range of discovery as part of the litigation process.  Rule 26(b)(1) of those Rules provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  "[T]herefore, all relevant material is discoverable unless an

---

defendant's argument regarding the relevance of the information sought, since we conclude that it falls squarely within the scope of relevant evidence that is properly subject to discovery pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.  We do appreciate the defendant's concern regarding the potential disclosure of sensitive medical information, but we believe that this concern may be somewhat premature, and may also be adequately addressed by the temporal limitations that we will place upon the interrogatories that have been propounded. We note that the contested discovery only extends to five interrogatories, and the defendants have not sought actual medical records or other documents that might potentially be subject limits on their disclosure.  Nothing in this order will prejudice the plaintiff from later moving for a subsequent protective order if the plaintiff seeks production of medical documents that the defendant believes should remain confidential.

4

applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible.  Rule 26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery [in some instances]."  <u>Pearson v. Miller</u>, 211 F.3d 57, 65 (3d Cir. 2000). In addition to certain limitations on discovery imposed under Rule 26, the Rules also allow a party to seek a protective order as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A)  forbidding the disclosure or discovery;
> (B)  specifying terms, including time and place, for the disclosure or discovery;
> (C)  prescribing a discovery method other than the one selected by the party seeking discovery;
> (D)  forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E)  designating the persons who may be present while the discovery is conducted;
> (F)  requiring that a deposition be sealed and opened only on court order;
> (G)  requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be

                                  revealed only in a specified way; and

(H)    requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1).  If a motion for a protective order is denied in whole or in part, "the court may, on just terms, order that any party or person provide or permit discovery."  Fed. R. Civ. P. 26(c)(2).  Matters pertaining to discovery are generally committed to the discretion of the trial court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold,

> Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a
> magistrate judge's resolution of discovery disputes deserves
> substantial deference and should be reversed only if there
> is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

### B.    A Protective Order is Not Warranted in this Case

Defendant Vallante seeks a protective order to avoid responding to the

following five interrogatories:

1.    Identify all medical conditions, injuries or diseases
that you suffered from on the date of the incident and
3 years prior to the date of the incident.  For each
ailment identified, identify the date of onset for such
ailment, the facility where you treated or received
treatment for the ailment, and whether you suffered
from the ailment at the time of the incident.

2.    Identify your primary care physician on the date of
the incident and all other doctors, practitioners,
medical facilities, and/or hospitals that
examined/treated you in the 3 years prior to the
incident.

3.    Identify all of the drugs and/or medications that you
were prescribed on the date of the incident and in the
year prior to the incident.  Also, identify any/all
medications that you had taken 48 hours before the
incident. For each drug and/or medication identified,
list the name of the prescribing doctor, the medical
facility where you were prescribed the
drug/medication, the date that you were first
prescribed this drug/medication, the reason for
taking the medication, and the date and time that the
medication was late taken prior to the incident.

4.      Have you ever been treated for alcoholism, drug and/or narcotic abuse, or a mental health disorder? If yes, please identify the date of when the treatment began, the date of when the treatment ended, the nature of why/how the treatment ended, the name of the treating facility and the name of the treating doctor, counselor, or practitioner, the frequency of such treatment, and the reason/nature of such treatment.

5.      Identify all of the doctors, practitioners, medical facilities, and/or hospitals that examined/treated you for injuries that you sustained relating to this incident.

The defendant initially suggests that the burden of responding to the plaintiff's discovery requests outweighs the benefits of the information sought. (Doc. 17, at 5-6.) Although the defendant frames the issue as one of burdensomeness, he then argues primarily that the interrogatories seek information that is irrelevant to the case, or that the information may be prejudicial. (Id. at 6-7.) Moreover, the defendant seems to be arguing that *at the time of trial* some or all of the information sought in the interrogatories may ultimately be inadmissible, something that is not relevant to a determination of whether the information is properly discoverable under Rule 26(b)(1).

The plaintiff has alleged, *inter alia*, that Defendant Vallante was impaired at the time of the accident, and perhaps under the influence of drugs or alcohol, or prescription medications. Although the defendant has admitted responsibility for

causing the accident, he has denied this specific allegation of impairment.  Regardless of his denial, however, the interrogatories being challenged are potentially relevant to the claims and defenses in this case, and certainly appear to be reasonably calculated to lead to the discovery of potentially admissible evidence.  We thus disagree with the defendant's bare assertion that the information sought is either unduly burdensome or no longer relevant in light of an affidavit that he provided to the plaintiff.

Furthermore, the relevance of the plaintiff's inquiry has actually been made clearer through the defendant's answer and his affidavit that he provided in response to the plaintiff's interrogatories.  In this regard, the defendant has informed the plaintiff that he was taking at least 11 different medications at or around the time of the accident, and the plaintiff is certainly entitled to investigate this particular matter and related subjects pertaining to the defendant's health in an effort to substantiate her claims and to challenge the defendant's potential defenses.

The plaintiff is not at this time seeking to be provided with medical records, but instead only seeks further information pertaining to the medical records that the defendant has already produced to the plaintiff.  These questions seek information regarding when the defendant started taking the medications he was on at the time of the accident, who prescribed the medications, what medical conditions were being

treated, and the identities of the defendant's treating doctors.  Not only is this information potentially relevant, but the defendant's claim of undue burden is belied by the fact that he has already produced some medical records in response.

The plaintiff's concerns regarding privacy are also not fully articulated, and we believe they are premature. Although the defendant suggests that the Health Insurance Portability and Accountability Act ("HIPAA") of 1996 may somehow be implicated, or present a bar to the discovery sought, we disagree. First, the defendant has not clearly explained how HIPAA is implicated by any of the challenged interrogatories, and the plaintiff really does not seem to be invoking this statute as a legitimate bulwark against the plaintiff's inquiries.  Furthermore, even if the plaintiff were seeking the production of sensitive medical records that might contain identifying information subject to HIPAA, the plaintiff has represented that the defendant could produce this material in a format that is either redacted or "de-identified" to guard against the privacy interests asserted.  Regardless of this concession, however, the interrogatories seek only answers from the defendant to discrete and relevant questions, and they do not seek the production of medical records that might fall within HIPAA's scope.

Although we find that the five challenged interrogatories are largely appropriate and relevant given the issues in this case, and although we find that the defendant has

not shown good cause for the issuance of a blanket protective order, we nevertheless do find it appropriate to set stricter temporal limits on the information sought. Particularly in light of the discrete nature of the claims in this case and the information that the defendant has already furnished to the plaintiff regarding his medical conditions and medication regimen, and mindful that the potential answers to the questions as posed might implicate private matters bearing no relation to this action, we will limit the reach of the interrogatories to a period of one year prior to the accident.[2]  In limiting the interrogatories in this fashion, we aim to strike a balance between permitting the plaintiff to seek relevant information while at the same time avoiding an unnecessary incursion into areas that are far removed from the events of this case, and which may be not only of marginal relevance but also of a personal and sensitive nature. See Ehrlich v. Union Pac. R. Co., No. 13 2142 JTM TJJ, 2014 WL 5089407, at *7 (D. Kan. Oct. 9, 2014)(imposing 5 year temporal limit of discovery of defendant's medical records in train accident case);E.E.O.C. v. Midwest Reg'l Med. Ctr., LLC, No. CIV 13 789 M, 2014 WL 1745081, at *2 (W.D. Okla. Apr. 30, 2014)( employment discrimination dispute, held, subpoena medical records

---

[2] As currently drafted, interrogatory numbers 1 and 2 seek information going back three years, and interrogatory number 4 contains no temporal limitation.  This order limits these questions to the one-year period prior to the accident.

11

are overbroad in temporal scope and subject matter and should be limited to a discovery period of one year prior to and one year subsequent to plaintiff's employment with defendant.)

## III.  <u>ORDER</u>

Accordingly, upon consideration of the defendant's motion for a protective order, and for the reasons set forth above, IT IS HEREBY ORDERED THAT the motion (Doc. 16) is denied.  IT IS FURTHER ORDERED, however, that each of the interrogatories are limited to seeking information for the one-year period prior to June 8, 2012.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
